UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SEROTTE, REICH & WILSON, LLP,

        Plaintiff,

  -vs-

PHILIP J. MONTANTE, JR.,

        Defendant.

05-CV-0284E(Sc)

MEMORANDUM

and

ORDER[1]

---

## INTRODUCTION AND BACKGROUND

In the Amended Complaint herein (Dkt. #4), plaintiff, Serotte, Reich & Wilson, LLP ("SRW") has brought this lawsuit against U.S. Immigration Judge Philip J. Montante ("IJ Montante"), alleging that IJ Montante violated SRW's constitutional right to due process guaranteed by the Fifth Amendment to the United States Constitution and that his arbitrary and capricious actions were an abuse of discretion in violation of the Administrative Procedures Act ("APA") (5 U.S.C. §§702 *et seq.*).

SRW is a limited liability law partnership whose members and associates are attorneys admitted to practice law and whose focus is on the practice of immigration law. SRW claims that it is entitled to injunctive and declaratory relief to redress IJ Montante's egregious and unfounded pattern and practice of extreme prejudice and bias towards SRW and members of its firm during the course of numerous cases upon which he presided, which conduct was outside

---

[1] This decision may be cited in whole or in any part.

the scope of his judicial capacity and in violation of SRW's constitutional rights and the APA.  SRW alleges that its administrative complaints were ignored or neglected, stating that, "[s]ince the Chief Immigration Judge decided to defer to the OPR [Department of Justice, Office of Professional Responsibility], and OPR took no effective action, there is no available remedy left for SRW, but for the instant action."

Primarily, SRW seeks an injunction precluding IJ Montante from presiding over any of its cases and also seeks declaratory judgment declaring that SRW is able to represent those clients upon whose cases IJ Montante improperly disqualified it, that Judge Montante violated SRW's rights and cannot be fair and impartial in any proceedings before him in which SRW appears.

In lieu of Answer, IJ Montante filed a Motion to Dismiss (Dkt. #8) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (F.R.Cv.P.), arguing that (1) this Court lacks subject matter jurisdiction, (2) there is no constitutional or statutory basis for SRW's claims and (3) any claim for money damages is barred by the doctrine of judicial immunity.[2]  Plaintiff has replied, oral argument thereon was held and the motion is now before the Court for decision.

---

[2] In its reply papers SRW makes it clear that it has not and will not seek any monetary damages in this case and this issue will not be addressed.

**DISCUSSION**

**Subject Matter Jurisdiction**

SRW bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Aurecchione* v. *Schoolman Transp. System, Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (*citing Luckett* v. *Bure*, 290 F.3d 493, 497 (2d Cir. 2002)). Further, in evaluating IJ Montante's motion to dismiss pursuant to F.R.Cv.P. 12(b)(1) for lack of such jurisdiction, the Court will accept SRW's factual allegations as true and draw all reasonable inferences in its favor and may refer to evidence and materials outside of the pleadings without converting the motion to one for summary judgment. *Id.; Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir.2000) (*citing Kamen* v. *Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (considering evidence outside of the pleadings) and *Dangler* v. *N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999) (motion is not converted)). It is also noted that ,when there are allegations in a complaint that are not factual and consist chiefly of argument or conclusion, they will not be given this deferential consideration. *See Warren* v. *District of Columbia*, 353 F.3d 36, 39 (D.C.Cir. 2004). The Court will then dismiss for lack of subject matter jurisdiction if it finds that it "lacks the statutory or constitutional power to adjudicate it." *Makarova*, *supra* at 113; *Aurecchione*, *supra* at 638; *Cerrone* v. *U.S.*, 2006 WL 2795614, *1 (W.D.N.Y. 2006).

IJ Montante argues that the Court lacks subject matter jurisdiction because SRW has not exhausted its administrative remedies. This relates to SRW's Third Cause of Action which alleges that IJ Montante's conduct was arbitrary, capricious and an abuse of discretion, entitling SRW to declaratory and injunctive relief pursuant to the APA[3]. The APA requires that an agency action be final before judicial review is allowed. 5 U.S.C. §704. SRW does not dispute this and instead argues that it *has* exhausted its administrative remedies to the extent that those remedies were available to it, or that it should be excepted from such exhaustion requirement.

IJ Montante is an administrative judge appointed by the Attorney General within the Department of Justice's Executive Office for Immigration Review ("EOIR"), and the EOIR is charged with his supervision as having supervisory power over the Immigration Courts. 8 U.S.C. §1101; 6 U.S.C.§521. In addition, the Department of Justice has established an Office of Professional Responsibility ("OPR") for the investigation and discipline of Immigration Judges. 8 C.F.R.§1003.109. The Court thereby finds that it is within the operations of these

---

[3] While ¶59 of the Amended Complaint only alleges arbitrary and capricious conduct with respect to a single case, ¶58 incorporates by reference the factual allegations contained in all of the previous paragraphs and ¶60 seeks declaratory and injunctive relief precluding IJ Montante from presiding over "any pending and future cases" for which SRW appears. While inartfully written, from this, the Court can construe that the Amended Complaint alleges such arbitrary and capricious conduct with respect to all of the cases mentioned in the incorporated paragraphs.

offices that SRW must have proceeded with finality in order to exhaust its administrative remedies so as to confer jurisdiction under the APA, a finding with which SRW is not in dispute.[4] Because both of these agencies are within the U.S. Department of Justice, exhaustion within one *or* the other would satisfy the requirements of the APA. Nevertheless, SRW claims that it made an attempt to complain to both agencies.

After review of the Amended Complaint and the materials submitted in support of and in opposition to the instant motion, the Court finds that the redress SRW sought before the EOIR and/or OPR was insufficient to exhaust its administrative remedies in this case. The Amended Complaint refers to a series of cases in which it alleges IJ Montante behaved improvidently, yet the administrative complaints it filed with the EOIR and OPR focus on a single matter

---

[4] IJ Montante's argument that exhaustion requires SRW to appeal these matters in the context of their clients' cases, through the Board of Immigration Appeals ("BIA") and appropriate Circuit Court is not persuasive. Separate recusal motions and appeals to the BIA would only address the issues relating to individual rulings in individual cases against individual SRW clients. It would not give the appropriate administrative body an opportunity to address the key issues raised in SRW's Amended Complaint — to wit, IJ Montante's alleged severely biased behavior *towards SRW* (not its clients) in *numerous cases*, as a whole (not individually), amounting to statutory and/or constitutional violations. In sum, the allegations in the Amended Complaint relate squarely to IJ Montante's actions against SRW, not any of its clients, and further is not related to any discrete case that could have been so appealed. *See, Campos* v. *Nail*, 940 F.2d 495, 497-98 (9th Cir. 1991)(addressing a pattern of conduct alleging, both statutory and constitutional claims, throughout a number of cases); *see also, Campos* v. *Nail*, 43 F.3d 1285, 1290 (9th Cir. 1994), *citing, McNary v. Haitian Refuge Center,* 498 U.S. 479, 479, 111 S.Ct. 888, 899 (A court can "entertain a suit in equity alleging a pattern or practice of unconstitutional conduct existing beyond the context of any singular deportation hearing.")).

— to wit, *Matter of Martin*.[5] The Amended Complaint alleges pervasive conduct involved in a number of cases in which SRW claims IJ Montante's behavior, viewed cumulatively, violated the Constitution and/or the APA.  Further, SRW consistently points out in its papers that the crux of its complaint against IJ Montante is the persistent pattern and practice of bias and prejudice he has exhibited *overall* and not just in any single case (or even several cases); hence it is in this manner that its administrative complaint or complaints must have been presented to the OPR or EOIR, which SRW has not proven it did.  The Court therefore finds that SRW has not exhausted its administrative remedies so as to confer jurisdiction under the APA.[6]

SRW argues that, even if it did not exhaust its administrative remedies, it nevertheless meets one or more of the established exceptions to the exhaustion

---

[5] SRW did not produce copies of any of its complaint letters to the OPR or EOIR in response to this motion.  The only documents provided were the agency responses to a purported complaint or complaints which contain only suggestions or references as to what may have been in these administrative complaints. (Dkt. #9, Ex. D & E)  In interpreting these secondary sources, it is unclear, but it seems as though one of the OPR or EOIR complaints in the *Martin* case may have also referenced an additional case — to wit, *Matter of Agurto*.  Further, the complaint herein suggests that an OPR complaint was filed in *Matter of Andre;* however, it is not clear what the result of such complaint was.  Nevertheless, SRW has provided no evidence that it filed any administrative complaints with respect to IJ Montante's conduct in *Matter of Kouznetsova*, *Matter of El Sayed Mohamed* and *Matter of Khaliji.,* all of which form the basis of SRW's allegations in the instant complaint.

[6] However, to the extent that the Third Cause of Action alleges arbitrary and capricious conduct only in the *Martin* case, and as such seeks declaratory and injunctive relief in that case alone, SRW has exhausted its administrative remedies with the filing of complaints with both the OPR and EOIR in that case.

rule. Specifically, SRW argues that the available administrative remedies provide no genuine opportunity for adequate relief in a case of this nature and that administrative appeal would be futile. *See Guitard* v. *U. S. Sec'y of the Navy*, 967 F.2d 737, 741 (2d Cir. 1992). To demonstrate this, SRW submits three letters, one from the OPR and two from the EOIR with respect to its complaints to them in the *Martin* case (Dkt. #9, Ex. D & E). A January 25, 2005 letter from the EOIR states that it shall defer to the remedies already being sought by SRW with the BIA (which challenged the judge's legal authority) and the matter pending before the OPR (which challenged the judge's professional conduct).[7] (Dkt. #9, Ex. E). Further, a second letter from the EOIR confirms its unwillingness to address SRW's complaints about IJ Montante in the *Martin* case (*Ibid*.). The July 11, 2005 OPR letter states that "it is not within the authority of this Office to 'issue a ruling' that IJ Montante be recused from cases involving your client and further stating that this is a demand which is the subject of your ongoing litigation your client has brought against IJ Montante and can be addressed by the court." (Dkt. #9, Ex. D). From this, the Court concludes that, even if the OPR were to find that IJ Montante acted improperly in any case, or series of cases, they either could not

---

[7] The letter also suggests the filing of a recusal motion in another case which would then be appealed to the BIA; however, the Court has already rejected this as a required avenue of exhaustion and hence is also not an adequate remedy overall in this case. *See*, fn. 4, *supra*.

- 7 -

or would not grant the relief sought in the instant Amended Complaint — to wit, blanket recusal.[8]

Based on the foregoing, the Court finds that neither the EOIR nor the OPR was willing or able to provide a genuine opportunity to seek the desired relief and administrative complaints or appeals with respect to the other cases would therefore be futile. The claims in SRW's Amended Complaint are therefore excepted from the exhaustion requirements of the APA and defendant's motion will not be granted on this ground.

IJ Montante also argues that 8 U.S.C. §§1252(f)(1) and 1252(g) deprive this Court of jurisdiction to enjoin or restrain the operations of the Immigration Court. This argument is without merit and neither will defendant's motion be granted on this ground. These provisions are irrelevant to the instant matter which clearly does not seek judicial review of a removal order of an alien, is not brought on behalf of an alien, and in no way seeks an injunction under the Immigration and Nationality Act.

**Failure to State a Claim**

IJ Montante argues that there is no basis to support SRW's constitutional claims (i.e., the First and Second Causes of Action). The parties concur that the gravamen of the Amended Complaint is the claim that IJ Montante violated

---

[8] *See also,* fn. 4, *supra.*

SRW's purported constitutionally protected right to practice its profession (i.e., immigration law) without due process.

In order to establish an entitlement to due process herein, SRW must establish that it possesses a property interest of constitutional dimensions. *Furlong v. Shalala*, 156 F.3d 384, 393 (2d Cir. 1998). Such an interest invokes an entitlement stemming from an independent source such as state law. *Ibid.* As stated above, the "property interest" SRW claims is at stake here is the right to practice the chosen profession of its firm members, *i.e.*, immigration law.[9] Citing the same New York Court of Appeals case, the parties differ somewhat in acknowledging whether New York has established the right to practice law as a property interest of constitutional dimensions. SRW urges that *Matter of Capoccia* (59 N.Y.2d 549, 553 (1983)) recognizes that the privilege to practice law is a significant one and hence classifies it as a constitutionally protected property interest. (Dkt. #9, pp. 13, 14). IJ Montante is not so sure, urging that the Court of Appeals describes it as "more nearly to be classified as a property interest" as opposed to a liberty or personal interest, seemingly questioning whether this somehow makes it less deserving of constitutional protection. (Dkt. #8-2, p. 21,

---

[9] Paragraph 51 of the Amended Complaint states that IJ Montante's "pattern and practice of unfair bias and prejudice *** has impaired SRW's professional reputation and impacted upon SRW's representation of clients ***." Contrary to defendant's assertion, the Court does not construe, and plaintiff does not argue, that damage to SRW's reputation is, independently, also such a property interest.

fn. 15).  While both parties seem to agree that the practice of law is a property interest, on argues that it is of constitutional dimensions while other seems to be arguing that it is not.  The Court, however, is not concerned with such arguable distinctions because it sees the question as more precise than this.  The question is more properly whether a property interest in the practice of law extends to SRW's practice of its *specialized area of law* before the Immigration Court in this District to the extent that it is to be considered a constitutionally protected property interest.  To this question, the parties have provided no New York authority and neither has the Court found such.  The Court will therefore look to persuasive authority from other jurisdictions.

In this regard, the Court finds *Roth* v. *King,* 449 F.3d 1272 (D.C. Cir. 2006), persuasive.  *Roth* involved a group of attorneys who brought suit against the director of the public defender service, the local court system and judges, who devised and implemented a system for appointment of attorneys in juvenile delinquency matters.  The plaintiffs in *Roth* alleged, *inter alia*, that they had a "property interest" in their "specialty practice" in the Family Court Division, and that the appointment system violated their Fifth Amendment rights by "taking" their property without due process.  The District Court denied the defendants'

motion to dismiss, relying primarily on *Family Division Trial Lawyers* v. *Moultrie*[10], "[b]ecause the plaintiffs may be able to demonstrate that they have a property interest in their specialty practice of family law". *Roth* v. *Rufus*, 2005 WL 4436163, *6 (D.C.D.C. 2005). The Circuit Court for the District of Columbia found "that the District Court erred in reaching this conclusion, for *Moultrie* plainly does not control the disposition of this case", and held that the plaintiffs' "Fifth Amendment claims fail to state a cause of action and, therefore, must be dismissed." 449 F.3d as 1283. After a detailed analysis that clearly distinguished *Moultrie* from the due process claims made by the plaintiffs therein (and, as this Court finds, herein as well), the Court went on to determine whether the plaintiffs properly alleged a viable "property interest" protected by the Fifth Amendment Due Process Clause or, in the alternative, stated a claim that is cognizable under the Takings Clause of the Fifth Amendment. Accepting the factual allegations in the complaint as true, the Court found no valid property interest in plaintiffs' specialty practice of family law under either the Due Process Clause or the Takings Clause of the Fifth Amendment. *Id.* at 1284. This Court agrees with the D.C. Circuit Court's reasoning in this regard:

---

[10] 725 F.2d 695, 707 (D.C.Cir.1984)(*If* the court's appointment system effectively denies the opportunity to maintain a remunerative practice as family lawyers before the Family Division, and *if* that specialty practice is determined to be a property interest, it *might* effect an unconstitutional taking).

> It is well understood that, under the Fifth Amendment Due Process clause, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire and more than a unilateral expectation of it. He must, instead have a legitimate claim of entitlement to it". Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." And "federal constitutional law determines whether [a claimed property] interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause.".
> Appellees have cited no source of law creating any entitlement that qualifies as property under the Due Process Clause.
>
> * * *

*Id.* at 1284 -1285 (internal citations omitted). After analyzing the history of how appointments were managed in the Family Court before the implementation of the new appointment system, the Court found that there had never been a guarantee of appointment; hence, no sense of entitlement had ever been created and the new appointment system could not be seen as impinging on any such non-existent entitlement. The Court further found that even "[a] lawyer's inability to make a living as a family court practitioner without such appointments does not remotely create an entitlement." *Id.* at 1285 (citing appellant's brief at p. 20).

Like the plaintiffs in *Roth*, the plaintiff herein has cited no source of law creating any entitlement to practicing before the Immigration Court that qualifies

as property under the Due Process Clause. Plaintiff has failed to convince this Court, in fact or in law, that it has a constitutionally protected property interest in the specialty practice of immigration law in this District. There has been no showing of an entitlement to practice before the Immigration Court, which as noted above, must clearly be much more than a desire, need or unilateral expectation. The Court, therefore has no basis upon which to find that the claimed property interest in the specialty practice of immigration law in this District rises to the level of a legitimate claim of entitlement protected by the Due Process Clause.

Nevertheless, even if the Court were to find that SRW has a constitutionally protected property interest in the specialized practice of immigration law in this District, no reasonable trier of fact could find that it was impinged upon based on the facts as alleged in the Amended Complaint.

When considering a motion to dismiss pursuant to F.R.Cv.P. 12(b)(6), the Court "must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps* v. *Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002); *quoting Hernandez* v. *Coughlin*, 18 F.3d 133, 136 (2d Cir.1994). Again, the Court will note that, when there are allegations in a complaint that are not factual and consist chiefly of argument or conclusion, they will not be given this deferential consideration. *See Warren, supra,* 353 F.3d at 39.

The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957).  Accordingly, the Court is not concerned with whether plaintiff may ultimately succeed on his claims but must "assess the legal feasibility of the complaint." *Cooper* v. *Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

The facts alleged in the Amended Complaint relevant to this claim, accepted as true for purposes of this motion, are that IJ Montante:

- *sua sponte* disqualified the entire SRW firm from representing its client in *Matter of Martin*, contrary to a New York State Bar Association ("NYSBA") informal opinion letter on the subject that SRW obtained at his request — and in doing so, he alleged that SRW committed an "ethical transgression" and withheld information from the NYSBA regarding its conflict screening methods and further did not afford SRW an opportunity to address these allegations (AC ¶¶7, 8, 21, 27, 29, 30, 33, 35, 38)[11];

- questioned a member of the SRW firm with respect to a conflict in the representation of a client in *Matter of Khaliji* (AC ¶12);

- without cause, questioned the integrity of documents submitted by a SRW firm member on behalf of a client in *Matter of El Sayed Mohamed*,

---

[11] AC refers to the Amended Complaint.

- suggesting that she fabricated documents or facts (AC ¶15) and also questioned this attorney's ethics in the preparation of a witness in *Matter of Kouznetsova* (AC ¶18);

- ejected a SRW firm member from the courtroom without cause in *Matter of Andre* and, after the attorney complained to the OPR, he *sua sponte* disqualified that attorney from representing the client in that matter and filed a complaint against the attorney with the EOIR (AC ¶¶16, 17);

- questioned a member of the SRW firm with respect to a conflict in the representation of a client in *Matter of Leonel Agurto*, requiring her to obtain a legal opinion from the NYSBA regarding the ethics of representing the client in that matter (AC ¶19, 21);

- approximately two months after the BIA vacated his decision disqualifying SRW in *Matter of Martin*, holding that he did not have the legal authority to do so and finding that he "overstepped the bounds of his authority" (AC ¶¶36, 37), IJ Montante filed a complaint with the EOIR against an SRW firm member regarding her conduct in *Matter of Martin* (Dkt. #9-1, ¶6 and Ex. A).

While these facts may suffice in establishing a *prima facie* showing that IJ Montante acted without cause and with prejudice against SRW in these cases (relevant to the Third Cause of Action), it provides no support for the allegation

that SRW's right to practice law was impinged upon, also an essential element of the constitutional claims. In the Amended Complaint, SRW claims that all of the above has placed its entire immigration practice in a state of limbo (AC ¶48). This allegation, however is not a factual one, but is conclusory in nature. The Amended Complaint contains no factual allegations from which this Court can construe even a moderate impingement of its ability to practice its profession, albeit specialized or general in nature. The factual allegations relate to conduct of IJ Montante exhibiting prejudice against three members of the firm, one of whom is no longer working there, in a total of six cases. For example, there are no facts alleging the percentage of the firm's cases the affected attorneys handle, or the total number of attorneys at the firm, or the total number of cases handled in a given year during the relevant time period alleged in the complaint. There are no facts alleged indicating the total percentage of SRW's case load pending before IJ Montante or how many clients left, or declined to hire the firm as a result of the known problems the firm was having with this judge, or even if the problems were known within the legal community or client pool. Without facts like this, it appears beyond a doubt that the SRW can prove no set of facts in support of this essential element of its claim.

Because the Court has found that there is no constitutionally protected property interest, allowing plaintiff to amend the complaint again is not necessary.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is PARTIALLY GRANTED and plaintiff's First and Second Causes of Action are dismissed. In all other respects, the motion is denied. Defendant is directed to file an answer to the Third Cause of Action within 30 days of the filing of this Order.

DATED:   Buffalo, N.Y.

December 19, 2006

                                    /s/ John T. Elfvin
                                    JOHN T. ELFVIN
                                    S.U.S.D.J.