UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SEROTTE, REICH & WILSON, LLP,

                        Plaintiff,

v.                                     **DECISION AND ORDER**
                                              05-CV-284S

PHILIP J. MONTANTE, JR.,

                        Defendant.

## I. INTRODUCTION

In this action, Plaintiff Serotte, Reich & Wilson, LLP ("SRW"), a Buffalo-based law firm specializing in immigration law, alleges that Defendant Philip J. Montante, Jr. ("Judge Montante"), a United States Immigration Judge assigned to the Buffalo Immigration Court, acted arbitrarily and capriciously in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702 et seq. SRW had also asserted constitutional due process claims, but those claims were dismissed by the Honorable John T. Elfvin, the Senior District Judge to whom this case was previously assigned.[1] See Serotte, Reich & Wilson, LLP v. Montante, No. 05-CV-284E, 2006 WL 3827421 (W.D.N.Y. Dec. 27, 2006). Familiarity with Judge Elfvin's decision is presumed.

Presently before this Court is Judge Montante's Motion to Dismiss SRW's APA claim, the only claim remaining in this case.[2] For the reasons that follow, Judge Montante's motion is granted.

---

[1] This case was re-assigned to this Court on October 17, 2007, after Judge Elfvin retired from the bench. (Docket No. 32.)

[2] The submissions relating to this motion are filed at docket numbers 28, 30, and 31.

1

## II. BACKGROUND

**A.     SRW's APA Claim**

In its third cause of action, SRW seeks declaratory and injunctive relief under the APA to redress what it alleges is Judge Montante's "egregious and unfounded pattern and practice of prejudice and bias towards SRW and members of its firm . . . which conduct was entirely outside the scope of defendant's judicial capacity."  (See Amended Complaint, Docket No. 4, ¶¶ 6, 58-60.)

SRW's allegations against Judge Montante center around six cases in which SRW appeared as counsel and over which Judge Montante presided.  The allegations relate to Judge Montante's disqualification and treatment of SRW lawyers.  SRW does not allege any harm or prejudice to its clients, but rather, seeks relief strictly for itself.

**1.     Proceedings Before Judge Montante**

Several of the alleged incidents involve Judge Montante's rulings on disqualification issues.  SRW employed Rolando R. Velasquez, Esq., who was a former Assistant District Counsel for the Immigration and Naturalization Service ("INS").  (Amended Complaint, ¶ 8.)  Velasquez worked as an Assistant District Counsel from October 1994 through March 2001, at which time he joined SRW and worked there representing respondents through July 2004.  (Amended Complaint, ¶¶ 9, 11.)

SRW alleges that Judge Montante acted arbitrarily and capriciously when considering whether a conflict of interest prevented Velasquez individually, or SRW as a firm, from representing respondents in certain cases that Velasquez may have worked on while employed by the INS.  For example, SRW alleges that Judge Montante (1) *sua*

*sponte* ordered SRW to obtain legal opinions, in April and May 2004, from the New York State Bar Association in two cases (*Matter of Leonel Agurto* and *Matter of Martin*) as to whether it was a violation of the ethics code for SRW to represent the respondents in those cases in light of Velasquez's previous employment with INS (Amended Complaint, ¶¶ 8, 19, 20, 21); (2) *sua sponte* disqualified SRW from representing the respondent in *Matter of Martin*, on November 16, 2004, despite the New York State Bar Association's "informal response" concluding that there was no conflict of interest[3] (Amended Complaint, ¶¶ 7-11, 13, 14, 27, 29); and (3) questioned Velasquez's representation of the respondent in *Matter of Al Khaliji*, in June 2003, despite Velasquez explaining that he had not personally and substantially worked on the case while employed by the INS (Amended Complaint, ¶ 12).

SRW also alleges that Judge Montante demonstrated bias through his treatment of SRW attorney Sophie Feal, Esq. SRW alleges that, in October 2003, Judge Montante questioned the integrity of documents Feal submitted on behalf of the respondent in *Matter of El Sayed Mohamed* and "suggest[ed] that Ms. Feal had fabricated documents or facts in that case." (Amended Complaint, ¶ 15.) It also alleges that Judge Montante made "unfounded insinuations" about Feal's ethics with regard to the preparation of witness affidavits in *Matter of Kouznetsova*. (Amended Complaint, ¶ 18.) Further, SRW alleges that Judge Montante accused Feal of withholding information from the New York State Bar Association concerning whether a conflict of interest existed in *Matter of Martin*. (Amended Complaint, ¶ 30.)

SRW also alleges that Judge Montante had a "serious disagreement" with SRW

---

[3]The Board of Immigration Appeals reversed Judge Montante's disqualification of SRW in *Matter of Martin* on June 9, 2005, after SRW filed an interlocutory appeal. (Amended Complaint, ¶¶ 36, 37.)

attorney William Z. Reich, Esq., in October 2003, about whether Reich was disrespectful to Judge Montante during his representation of the respondent in *Matter of Andre*. (Amended Complaint, ¶ 16.) This disagreement resulted in Judge Montante directing Reich to leave the courtroom, and ultimately Judge Montante *sua sponte* disqualified Reich from proceeding as counsel. (Amended Complaint, ¶¶ 16, 17.) SRW alleges that Reich was "merely zealously representing his client." (Amended Complaint, ¶ 16.)

Finally, SRW alleges that Judge Montante lodged a "false at best and libelous at worst" allegation against it in his decision removing SRW from *Matter of Martin.* (Amended Complaint, ¶ 31.) In that decision, Judge Montante allegedly cited a previous case, *Matter of Adams*, as an example of SRW not effectively screening Velasquez from a case in which he had previously been involved for the INS. (Amended Complaint, ¶ 31.) Based on *Matter of Adams*, Judge Montante allegedly concluded that SRW had "no effective screening procedures . . . in place" and therefore disqualified SRW in *Matter of Martin*. (Amended Complaint, ¶ 31.) SRW alleges that lack of screening procedures is a serious allegation that affects its "professional reputation and future representation of other clients." (Amended Complaint, ¶¶ 31, 33.) It further alleges that Judge Montante gave it no opportunity to respond to or challenge this allegation. (Amended Complaint, ¶¶ 33, 35.)

### 2. SRW's Administrative Complaints

SRW alleges that it attempted to resolve its issues with Judge Montante by writing to the United States Department of Justice, Office of Professional Responsibility ("OPR") and to the Chief Immigration Judge, Executive Office for Immigration Review ("EOIR").[4]

---

[4] Both the EOIR and the OPR are within the U.S. Department of Justice.

(Amended Complaint, ¶ 5.)  On October 22, 2003, after the incident involving Reich, SRW filed a complaint against Judge Montante with the OPR.  (Amended Complaint, ¶ 17.)  The OPR never responded.  (Amended Complaint, ¶ 5.)  Judge Montante, in turn, filed a complaint against Reich with the EOIR, and later, in or about August 2004, filed a complaint with the New York Attorney Grievance Committee.  (Amended Complaint, ¶ 17.)  The EOIR issued a confidential "Informal Admonition" to Reich, and the New York Attorney Grievance Committee issued Reich a "Letter of Caution."  (Amended Complaint, ¶ 17.)

SRW sent a second complaint to the OPR on December 23, 2004, after Judge Montante disqualified it in *Matter of Martin*.  (Amended Complaint, ¶ 39.)  The OPR did not respond.  (Amended Complaint, ¶ 39.)  SRW also wrote to the EOIR requesting that its cases with Judge Montante be reassigned to different immigration judges, but the EOIR deferred to OPR's investigation and took no action.  (Amended Complaint, ¶¶ 40, 41, 48.)

SRW ultimately seeks an injunction or declaration that it "is able to represent all clients for whom Velasquez was not personally and substantially involved as an ADC, and enjoining defendant from presiding over any pending and future cases in which SRW appears on behalf of a respondent."  (Amended Complaint, ¶ 60 and Wherefore Clause, ¶ C.)

B.    **Procedural History and Proceedings Before the Magistrate Judge**

SRW initiated this action on April 26, 2005, by filing a complaint in the United States District Court for the Western District of New York.  (Docket No. 1.)  It filed an amended complaint on June 22, 2005, in response to which Judge Montante filed a Motion to Dismiss on September 30, 2005.  (Docket No. 8.)  As noted above, Judge Elfvin granted in part and denied in part Judge Montante's motion on December 27, 2006, dismissing SRW's first two

5

causes of action. See Serotte, Reich & Wilson, 2006 WL 3827421, at *3-*6.

As to SRW's third cause of action, Judge Elfvin found that although SRW failed to exhaust its administrative remedies, it was excused from doing so because the EOIR and the OPR were unwilling or unable to provide a genuine opportunity for SRW to seek its desired relief, to wit: Judge Montante's blanket recusal in all cases in which SRW serves as counsel. See id. at *2-*3. Judge Elfvin also suggested that SRW's factual allegations "may suffice in establishing a *prima facie* showing that [Judge] Montante acted without cause and with prejudice against SRW in these cases." Id. at *6. Judge Elfvin allowed SRW's third cause of action to proceed and directed Judge Montante to file an Answer. See id. at *6.

On January 29, 2007, Judge Montante filed his Answer as directed. (Docket No. 14.) Judge Elfvin then referred this case to the Honorable Leslie G. Foschio, United States Magistrate Judge, who conducted a scheduling conference on April 18, 2007. (Docket No. 23.) During the conference, Judge Foschio questioned whether SRW's claim was proper under the APA, and whether this Court had proper subject-matter jurisdiction. A lengthy discussion then ensued concerning whether Judge Elfvin was presented with all of the arguments relating to these two points. Judge Foschio concluded that additional dispositive motions under Rule 12(b)(6) and Rule 12(b)(1) would be appropriate and set a briefing schedule.[5] (Docket Nos. 24, 26.)

---

[5] SRW argues that this Court should decline to consider Judge Montante's present motion because Judge Foschio exceeded his authority by second-guessing Judge Elfvin's decision and allowing Judge Montante a "second bite at the apple." This Court has reviewed the transcript of proceedings before Judge Foschio (Docket No. 30-2), and finds that he did not exceed the scope of his authority. First, the possible lack of subject-matter jurisdiction is an issue that can be raised and explored at any time. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) ("[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived.

Pursuant to Judge Foschio's Order, Judge Montante filed the instant Motion to Dismiss on June 12, 2007. (Docket No. 28.) Briefing concluded on October 15, 2007, at which time the motion became submitted for decision. (Docket Nos. 30, 31.)

## III. DISCUSSION

### A. Motion to Dismiss Standards

Judge Montante moves for dismissal of SRW's APA claim under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure on the basis that this Court lacks subject matter jurisdiction and SRW fails to state a claim upon which relief can be granted.

#### 1. Rule 12(b)(1)

"Subject matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1945 173 L.Ed.2d 868 (2009) (citing Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006)). A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing the existence of federal jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Where, as here, the

---

Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (internal quotation marks and citations omitted).) Second, in this Court's view, a magistrate judge's identification of issues that may not have been properly presented to the district judge is consistent with a magistrate judge's role of managing the preliminary stages of litigation. See 28 U.S.C. § 636(b)(1)(a). Third, no prejudice stems from a magistrate judge's pretrial determination or recommendation, such as the one in this case, because the district judge is free to accept, reject, or modify it. See 28 U.S.C. § 636(b)(1). Thus, this Court finds that Judge Foschio acted appropriately and SRW's motion will be considered.

jurisdictional challenges are raised at the pleading stage, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Sharkey v. Quarantillo, 541 F.3d 75, 83 (2d Cir. 2008).

### 2. Rule 12(b)(6)

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12 (b)(6). Federal pleading standards are generally not stringent. Rule 8 requires only a short and plain statement of a claim. FED. R. CIV. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Iqbal, 129 S.Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1945 (quoting Twombly, 550 U.S. at 570). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility is present when the factual content of the complaint allows for a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949.

The plausibility standard is not, however, a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; FED. R. CIV. P. 8(a)(2). Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint. First, statements that are not entitled to the assumption of truth — such as conclusory allegations, labels, and legal conclusions — are identified and stripped away. See Iqbal, 129 S.Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief."[6] Id.

## B. SRW's APA Claim

The APA authorizes judicial review of federal agency action for any person "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Agency action is defined as including "the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551 (incorporated through 5 U.S.C. § 701(2)).

Judicial review is limited to "agency action made reviewable by statute" and "final agency action for which there is no other adequate remedy in a court," 5 U.S.C. § 704, and

---

[6] Although seemingly inconsistent with the command to treat well-pleaded factual allegations as true, this plausibility inquiry appears to include consideration of whether more likely or alternative explanations for the complained-of conduct exist. See, e.g., Iqbal, 129 S.Ct. at 1951-52 ("But given more likely explanations, [the allegations] do not plausibly establish this purpose."); Twombly, 550 U.S. at 567-68 (finding that plaintiff's allegations were not suggestive of antitrust conspiracy in the face of an "obvious alternative explanation" for the allegations in the complaint).

is not available if "statutes preclude judicial review; or agency action is committed to agency discretion by law," 5 U.S.C. § 701(a). The reviewing court is empowered to "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706. Among other things, the court may "set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706 (2)(A).

Here, SRW premises its APA claim on the allegation that it lacks any other adequate remedy. (Amended Complaint, ¶ 48.) Judicial review is therefore available only for "final agency action." See 5 U.S.C. § 704.

Two conditions must be satisfied for agency action to be "final" within the meaning of § 704: "First, the action must mark the 'consummation' of the agency's decisionmaking process — it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" Bennett v. Spear, 520 U.S. 154, 177-78, 117 S.Ct. 1154, 1168, 137 L.Ed.2d 281 (1997) (quoting Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp., 333 U.S. 103, 113, 68 S.Ct. 431, 437, 92 L.Ed. 568 (1948)); Port of Boston Marine Terminal Assn. v. Rederiaktiebolaget Transatlantic, 400 U.S. 62, 71, 91 S.Ct. 203, 209, 27 L.Ed.2d 203 (1970); Sharkey v. Quarantillo, 541 F.3d 75, 88 (2d Cir. 2008).

Despite the parties' focus on Judge Montante's conduct, and Judge Elfvin's suggestion that the facts in the amended complaint "may suffice in establishing a *prima facie* showing that IJ Montante acted without cause and with prejudice against SRW in these cases," the final agency action at issue is the EOIR and the OPR's handling of

SRW's complaints, *not* Judge Montante's conduct. See Serotte, Reich & Wilson, 2006 WL 3827421, at *1, *6 ("SRW alleges that its administrative complaints were ignored or neglected . . . ").

SRW ultimately seeks an injunction barring Judge Montante from presiding over any pending and future SRW cases. (Amended Complaint, Wherefore Clause, ¶ C.) SRW made this request to the EOIR and the OPR, *not* to Judge Montante. It is the EOIR and the OPR's inability or unwillingness to entertain or grant SRW's request for blanket recusal that forms the basis of SRW's APA claim. See Serotte, Reich & Wilson, 2006 WL 3827421, at *2-3; Amended Complaint, ¶ 48 ("Since the Chief Immigration Judge decided to defer to the OPR, and OPR took no effective action, there is no available remedy left for SRW, but for the instant action.").

Judge Montante's conduct in the several cases before him, while underlying SRW's administrative complaint, is not final agency action subject to judicial review. Each of Judge Montante's alleged actions was interlocutory in nature, subject to further review by the EOIR, the OPR, or the Board of Immigration Appeals, and therefore is not final agency action. See Bennett, 520 U.S. at 177-78 (interlocutory decisions do not constitute "final" agency action). Indeed, SRW sought further relief from each of these entities. (Amended Complaint, ¶¶ 5, 17, 23, 24, 25, 36-41, 48.) Moreover, because Judge Montante's conduct is not final agency action, he is not a proper defendant in this case. See 5 U.S.C. § 703 (proper defendants in an APA action are "the United States, the agency by its official title, or the appropriate officer"). Consequently, the APA claim against Judge Montante must be dismissed for lack of jurisdiction. See 5 U.S.C. § 704.

Judge Montante's conduct remains potentially reviewable through review of the final

agency action.  See 5 U.S.C. § 704 ("A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.").  But SRW has not named the United States, the Department of Justice, the EOIR, the OPR, the Board of Immigration Appeals, or an "appropriate officer" within those agencies, as Defendants in this case.

Nonetheless, even if SRW had sued a proper defendant, Judge Elfvin has already determined that SRW does not sufficiently allege an actual injury.  See Darby v. Cisneros, 509 U.S. 137, 144, 113 S.Ct. 2539, 2543, 125 L.Ed.2d 113 (1993) (quoting Williamson Cty. Reg. Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 193, 105 S.Ct. 3108, 3119, 87 L.Ed.2d 126 (1985) ("[T]he finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue *that inflicts an actual, concrete injury*. . . "); 5 U.S.C. § 702 (right of review extends to "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute").

In the context of SRW's constitutional claims, Judge Elfvin evaluated the sufficiency of SRW's allegations that its law practice has been negatively affected by Judge Montante's conduct and the EOIR or the OPR's refusal to grant blanket recusal.  Judge Elfvin found as follows:

> In the Amended Complaint, SRW claims that [Judge Montante's alleged conduct] has placed its entire immigration practice in a state of limbo.  (AC ¶ 48).  This allegation, however, is not a factual one, but is conclusory in nature.  The Amended Complaint contains no factual allegations from which the Court can construe even a moderate impingement of its ability to practice its profession, albeit specialized or general in nature.  The factual allegations relate to conduct of IJ Montante exhibiting prejudice against three members of the firm, one of

12

> whom is no longer working there, in a total of six cases. For example, there are no facts alleging the percentage of the firm's cases the affected attorney's handle, or the total number of attorneys at the firm, or the total number of cases handled in a given year during the relevant time period alleged in the complaint. There are no facts alleged indicating the total percentage of SRW's case load pending before IJ Montante or how many clients left, or declined to hire the firm as a result of the known problems the firm was having with this judge, or even if the problems were known within the legal community or client pool.

Serotte, Reich & Wilson, 2006 WL 3827421, at *6.

Thus, even assuming that the EOIR or the OPR mishandled SRW's administrative complaints as alleged, SRW fails to state a claim because it has not sufficiently alleged an actual, concrete injury. See Hamilton Bank, 473 U.S. at 193. A plaintiff pursuing an APA claim must allege an injury in fact — naked assertions of injury is not sufficient. Ass'n of Data Processing Serv. Orgs. v. Camp, 397 U.S. 150, 152, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970) (APA plaintiff must show injury resulting from agency conduct); Mate v. NYS Dep't of Labor, No. 98 Civ. 1266, 1998 WL 770554, at *2 (S.D.N.Y. Nov. 2, 1998). Given Judge Elfvin's findings, SRW's APA claim fails to cross the line from conceivable to plausible. See Twombly, 550 U.S. at 570. Dismissal is therefore required.

## IV. CONCLUSION

For the foregoing reasons, Judge Montante's Motion to Dismiss is granted.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 28) is GRANTED.

13

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   September 18, 2009
         Buffalo, New York

                                            /s/Wiilliam M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge